DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CASE NO.  5:06 CR 527 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| v. | ) | ANALYZING THE SENTENCING |
| | ) | FACTORS SET FORTH IN 18 U.S.C. |
| Raymond Wright, | ) | SECTION 3553(a) |
| | ) | |
| Defendant. | ) | |

I. Introduction

The Court conducted the sentencing hearing of the defendant Raymond Wright.  The Court determined that the defendant's total offense level was 25 with a criminal history category of II calling for a sentencing range under the advisory sentencing guidelines of 63 to 78 months. At the conclusion of the sentencing hearing, the Court engaged a two level downward variance to reach an offense level of 23, criminal history category II and sentenced the defendant to confinement for a period of 51 months with supervised release for a period of three years.

II.  The Analysis Required by 18 U.S.C. § 3553(a)

The Court sets forth its analysis of the sentencing factors required by *Booker* and the statutory guidance provided by 18 U.S.C. §3553(a) as follows:

**(a)  Factors to be considered in imposing a sentence.**

The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection.  The court, in determining the particular sentence to be imposed, shall consider -

(5:06 CR 527)

### **(1)  The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant**

The offense conduct is set forth in paragraphs 12 through 14 of the presentence report

which state:

> From at least as early as 2004, and continuing through March 2006, the exact dates unknown, the defendant and Ronald Dede, and others did unlawfully, knowingly, and intentionally, combine, conspire, confederate and agree together and with each other, to possess with the intent to distribute and to distribute at least 3.5 kilograms, but less than 5 kilograms of a mixture or substance containing a detectable amount of cocaine.
>
> During the course of the conspiracy, on numerous occasions, the defendant received quantities of cocaine from Ronald Dede ranging from ounces to kilograms.  The majority of cocaine received by the defendant from Ronald Dede or other members of the conspiracy was sold to [name deleted for security reasons].

The defendant's statement constituting acceptance of responsibility follows:

> "I was involved in selling cocaine I was not raised this way and I am very sorry I will not let this happen again I accept my punishment" [sic]

The defendant was born out of wedlock on July 18, 1982.  He is presently 24. He resided

with his mother until age ten and with his father from age ten to age 20.  He has a half brother

and a half sister.  He has never married.  He has a one year old daughter from a former

relationship, but is currently dating another woman.  He is not under the care of a physician and

has never been seriously ill or injured.  He has never been under the care of a mental health

professional.  The defendant dropped out of school after the ninth grade and reports no vocation

skills or interests.  He is currently unemployed and only reports one week of employment

history.  He began using powder cocaine and marijuana at the age of 18.  He reports stopping the

2

(5:06 CR 527)

use of drugs following his arrest and he has been tested for drugs in accord with the provisions of

his pretrial supervision and all tests have been reported negative.

**(2)   The Need for the Sentence Imposed**

> **(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;**

Trafficking in cocaine is a serious offense and a significant sentence is mandated to

reflect the seriousness of the crime, to promote respect for the law and to provide just

punishment for the offense.

> **(B)  to afford adequate deterrence to criminal conduct;**

The sentence of 51 months should afford adequate deterrence to criminal conduct.

> **(C)  to protect the public from further crimes of the defendant;**

The defendant, as indicated, is 24.  He has accumulated only two criminal history points

which suggests that the sentence of 51 months will protect the public from further crimes of the

defendant.  He is not the classic recidivist constantly appearing before the Court.  Moreover, he

has been on bond since his initial appearance in this case in November of 2006, and has

apparently met the conditions of his bond, suggesting that upon release from imprisonment there

is a strong likelihood that he will not engage in further crimes.

> **(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;**

3

(5:06 CR 527)

The defendant apparently has no employment skills and a limited education.  His period of confinement for 51 months should provide an excellent opportunity for the defendant to increase his education and also develop, through vocational training, employment skills.

Conclusion

For the reasons set forth herein, a sentence of 51 months with supervised release for three years and the Court concludes that the variance of two levels downward as to the offense level providing for a sentence of 51 months, is a sentence sufficient, but not greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a)(2).

IT IS SO ORDERED.

__May 4, 2007_____           ___*/s/ David D. Dowd, Jr.*_____
Date                              David D. Dowd, Jr.
                                  U.S. District Judge

4